FILED

✎AO 241
(Rev. 10/07)

2020 AUG 19  PM 2:27    Page 2

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: *Ft. Myers* |
|---|---|

| Name (under which you were convicted): *Jerome Marion* | Docket or Case No.: |
|---|---|

| Place of Confinement : *Charlotte C.I. (F.m.w.c.)* | Prisoner No.: *114535* |
|---|---|

| Petitioner (include the name under which you were convicted) *Jerome Marion* | v. Respondent (authorized person having custody of petitioner) *Mark Inch* |
|---|---|

The Attorney General of the State of *Ashley Moody*  *2:20-CV-618-FTM-38NPM*

## PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging: *The 20th J.C. In And For Charlotte Co. Fla.*

     (b) Criminal docket or case number (if you know): *01-35*

2.   (a) Date of the judgment of conviction (if you know): *April 17th, 2002*

     (b) Date of sentencing: *April 17, 2002*

3.   Length of sentence: *30 yrs. (H.F.O) Habitual Felony Offender*

4.   In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:
     *Ct.1-Sales or Delivery of Cocaine*
     *Ct.2-Sales or Delivery of Cocaine*
     *Ct.3-Trafficking in Cocaine*
     *Ct.4-Sales or Delivery of Cocaine*

6.   (a) What was your plea? (Check one)

     ☑ (1)  Not guilty      ☐ (3)  Nolo contendere (no contest)

     ☐ (2)  Guilty          ☐ (4)  Insanity plea

AO 241
(Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *2ND D.C.A*

(b) Docket or case number (if you know): *2D08-4501*

(c) Result: *Per Curiam Affirmed*

(d) Date of result (if you know): *June 14th, 2004*

(e) Citation to the case (if you know):

(f) Grounds raised: *Manifest Injustice And Denial Of Due Process*

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court: *N/A*

(2) Docket or case number (if you know): *N/A*

(3) Result: *N/A*

(4) Date of result (if you know): *N/A*

✎AO 241
(Rev. 10/07)

Page 4

(5) Citation to the case (if you know): *N/A*

(6) Grounds raised: *N/A*

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following: *N/A*

(1) Docket or case number (if you know): *N/A*

(2) Result: *N/A*

(3) Date of result (if you know): *N/A*

(4) Citation to the case (if you know): *N/A*

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: *The 20th J.C. IN AND FOR CHARLOTTE Co. Fla.*

(2) Docket or case number (if you know): *01-25*

(3) Date of filing (if you know): *1-5-18*

(4) Nature of the proceeding: *PETITION FOR WRIT OF HABEAS CORPUS*

(5) Grounds raised: *MANIFEST INJUSTICE AND DENIAL OF DUE PROCESS*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: *N/A*

(8) Date of result (if you know): *N/A*

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: *THE 20th J.C. IN AND FOR CHARlottE Co. Fl.*

    (2) Docket or case number (if you know): *01-25*

    (3) Date of filing (if you know): *UNKNOWN*

    (4) Nature of the proceeding: *UNKNOWN*

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☑ Yes     ☐ No

    (7) Result: *dENIEd*

    (8) Date of result (if you know): *UNKNOWN*

(c) If you filed any third petition, application, or motion, give the same information: *N/A*

    (1) Name of court: *N/A*

    (2) Docket or case number (if you know): *N/A*

    (3) Date of filing (if you know): *N/A*

    (4) Nature of the proceeding: *N/A*

    (5) Grounds raised: *N/A*

AO 241
(Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: _N/A_

(8) Date of result (if you know): _N/A_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☑ No

(2) Second petition:   ☐ Yes   ☑ No

(3) Third petition:   ☐ Yes   ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_I AM NOT KNOWLEDGABLE IN THE DIFFERENT STEPS to TAKE OR THE TIME FRAME FOR EACH STEP WIThout legal ASSISTANCE._

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

GROUND ONE: _MANifest Injustice_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_The PETITIONER'S OFFENSES WERE Allegedly Committed FROM Nov. 22nd 2000 through JAN. 11th 2001, PRIOR to THE EFFECTED date OF FIA. Stat. 893.101 (MAY 13th 2002). The Court TRIED the PETITIONER'S OFFENSES UNDER FIA. Stat. 893.101 (MAY 13th 2002) (SEE Attach)_

(b) If you did not exhaust your state remedies on Ground One, explain why: _This issue WAS Address through AN Appeal in 2018._

Cont. of Ground #1; under which knowledge
of the illicit nature of the Cocaine was
Not an element. Fla. Stat. 893.101 (May 13th, 2002),
was Erroneously Applied in the Petitioner's
Cases.

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR CHARLOTTE COUNTY, FLORIDA**

**JEROME MARION,**

          Petitioner,

v.                                  Case No.:



**WARDEN, JOHN WILLIS,**
Charlotte Correctional Institution
          Respondent.

_____/

**PETITION FOR WRIT OF HABEAS CORPUS**
**TO CORRECT MANIFEST INJUSTICE / ALTERNATIVE RULE NISI**

      The Petitioner, <u>Jerome Marion</u>, Pro se in the above styled cause, pursuant to §79.01 et seq., West's Florida Statutes Annotated, and respectfully petitions this Honorable Court to issue this Writ upon the above named Respondent, and reasons in support, the Petitioner State and show the following:

### 1. <u>Jurisdiction</u>

      The <u>Florida Constitution</u>, Article V, and Article 1, 13; Rule 6.130, <u>West F.S.A. R. Civ. P.</u> ; and Rules 9.100, 9.030, <u>West F.S.A. R. App. P.</u>, invests this Honorable Court with original jurisdiction to entertain and grant this Petition pursuant to §79.01 <u>West F.S.A.</u> .

## 2. **Parties**

*Petitioner:*

Jerome Marion #114535
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, FL 33955

*Respondent:*

John Willis
Charlotte Correctional Institution
33123 Oil Well Road
Punta Gorda, FL 33955

*Additional Respondent:*

Honorable Pamela Jo Bondi:
Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050

## 3. **Statement of Case / Facts**

The State charged the Petitioner by information with the offenses of:

*Sales or Delivery of Cocaine*
                (Count – One, Offense Date, November 22, 2000),

*Sales or Delivery of Cocaine*
                (Count – Two, Offense Date, December 01, 2000),

*Trafficking in Cocaine*
                (Count – Three, Offense Date, December 22, 2000),

*Sales or Delivery of Cocaine*
                (Count – Four, Offense Date, January 11, 2001).

The Defendant was found guilty by Jury on all counts, and sentenced to a concurrent term of 30 years in prison (Habitual Felony Offender (HFO) ), on April 17, 2002. The Petitioner's conviction and sentence were Per Curiam Affirmed by Mandate of the Second District Court of Appeal on June 14, 2004 in Case No.: 2D08-4501, *Marion v. State*. At trial, the Petitioner was represented by Attorney of record, Eric Reyes. A copy of the Petitioner's Judgment, Sentencing – Order, and Information are respectfully attached hereto as <u>EXHIBIT – A</u>

## 4. <u>Legal Reasons Why Relief Should Be Granted</u>

The Court tried the Petitioner's Offenses under Statute 893.101, Fla. Stat. (May 13, 2002), under which "knowledge of the illicit nature" of the Cocaine was not an element of the Petitioner's Offenses, <u>which was erroneously applied in the Petitioner's case</u>. As for Counts – 1, 2, 4, the Court lacked jurisdiction to try the case and enter the Judgment, Sentence, and Commitment Orders under Statute 893.101, F.S.,(May 13, 2002) which was not in effect on the Petitioner's offense – dates, rendering said detention – orders illegal and void, entitling the Petitioner to immediate – release, who is presently being illegally detained and restrained of his liberty by the above named Respondent against his will.

Because of the Jurisdictional defect in counts 1, 2, 4, the Judgment, Sentence and Commitment entered in Count – 3 are illegal and void because nothing legal can flow from the jurisdictional defect. The Petitioner was also denied due process in Count – 3 because the Trial Court failed to instruct the Jury on knowledge of the presence.

3

### Supporting Facts

The Petitioner's Offenses were allegedly committed on November 22, 2000 through January 11, 2001 (Counts – 1, 2, 4), for Sales or Delivery of Cocaine. At trial on Counts – 1, 2, and 4, the Jury was not instructed on the essential element of "knowledge of the illicit nature" of Cocaine, which was an element of the Petitioner's offenses on the dates they were committed. The Trial Court applied Fla. Stat. 893.101 (May 13, 2002) to the Petitioner's Jury instructions which is no longer an element to sales of cocaine offense's (Counts – 1, 2, 4), the Petitioner's offenses was committed before Fla. Stat. 893.101 May 13, 2002 became law. The trial on the Trafficking Offense (Count – 3) was held at the same time as Counts 1, 2, and 4.

As for the Petitioner's Trafficking Offense (Count – 3), the Jury was not instructed on "Knowledge of the presence" of the Cocaine.

### 5. Relief Sought

**WHEREFORE,** in light of the foregoing, the Petitioner requests this Honorable Court to grant all the relief to which the Petitioner may be entitled in this instant proceeding, including but not limited to:

**(a).** Direct the Respondent to respond to the merits of the instant petition to reply; grant the Petition, and appoint Counsel to represent the Petitioner in the instant proceedings; set this matter down for a prompt hearing, and order the Petitioner discharged from unlawful custody; and

**(b).** Any other such relief the Court deems just and proper.

AO 241
(Rev. 10/07)

(c)       **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes       ☐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes       ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Post-Conviction (3,850)*

Name and location of the court where the motion or petition was filed:
*The 20th J.C., In And For Charlotte Co. Fla.*

Docket or case number (if you know): *01-25*

Date of the court's decision: *Unknown*

Result (attach a copy of the court's opinion or order, if available):

*Not Available*

(3) Did you receive a hearing on your motion or petition?        ☐   Yes       ☐   No

(4) Did you appeal from the denial of your motion or petition?        ☐   Yes       ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes       ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 10/07)

Page 8

**(e) Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *WRIT FOR HABEAS CORPUS (SEE Attach)*

**GROUND TWO:** *DENIAL OF DUE PROCESS*

**(a) Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.): *CASE # 01-27-CF, TRAFFICKING IN COCAINE. FAILURE OF THE JURY NOT TO RECEIVE INSTRUCTION ON THE ELEMENTS OF KNOWLEDGE OF THE ILLICIT NATURE OF THE COCAINE AND KNOWLEDGE OF THE PRESENT OF THE COCAINE, IS THE DENIAL OF THE PETITIONER'S RIGHT TO A FAIR AND IMPARTIAL TRIAL GUARANTED UNDER THE DUE PROCESS CLAUSE OF THE 14th AMENDMENT.*

**(b)** If you did not exhaust your state remedies on Ground Two, explain why: *THE PETITIONER'S HAS NO EFFECTIVE LEGAL ASSISTANCE AT his PRESENT location FT. MYERS WORK CAMP AND IS NOT KNOWLEDGABLE IN THE law.*

**(c)    Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: *THIS ISSUE WAS RAISE IN PETITION; WRIT FOR HABEAS CORPUS FILED ON JAN. 5th, 2018*

**(d)    Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *WRIT FOR HABEAS CORPUS*

Name and location of the court where the motion or petition was filed: *The 20th J.C., IN AND FOR CHARLOTTE CO. FLA.*

Docket or case number (if you know): *01-25*

Date of the court's decision: *N/A*

Cont. Of Ground #2; Furthermore the Petitioner's Contend that the Knowledge of the illicit Nature of the Cocaine was an element of his Alleged offenses; Ct. #1 - Sale or Delivery of Cocaine, Ct. #2 - Sale or Delivery of Cocaine, Ct. #3 - Trafficking in Cocaine, Ct. #4 - Sale or Delivery of Cocaine.

1

```
 1   IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN
 2   AND FOR CHARLOTTE COUNTY, FLORIDA        CRIMINAL DIVISION
 3
 4   STATE OF FLORIDA
 5          Plaintiff,
                                    Case No. 01-25/26/27/28/29
 6   VS
 7   JEROME MARION
 8          Defendant.
 9   _____/
10
11
12                  TRANSCRIPT OF PROCEEDINGS
13          Before the Honorable Donald E. Pellecchia, Circuit
14          Judge of said Court, 20th Judicial Circuit of
15          Florida, at a hearing in the above-styled cause
16          on April 17, 2002, held at the Charlotte County
17          Courthouse, Punta Gorda, Florida.
18
19                                              COPY
20
21              METZGER COURT REPORTING, INC.
                    The Professional Center
22              201 West Marion Avenue, Suite 300
                    Punta Gorda, Florida  33950
23                      (941) 639-7797
24
25
```

METZGER COURT REPORTING, INC.   (941)   639-7797

462

1    This is the person that sold the drugs.  This is

2    the person that received the money.

3         Ladies and gentlemen, I ask you when

4    considering the evidence use your common sense in

5    evaluating who was present at this residence that

6    the Defendant was.  He sold drugs to Mr. Morrison

7    on four occasions.  I ask you to find the

8    Defendant guilty as charged.  Thank you.

9         THE COURT:  Take down the exhibits, please.

10   Members of the Jury: I thank you four your

11   attention during this trial.  Please pay

12   attention to the isntructions I am going to give

13   you.  Your Jerome San Marion the Defendant in

14   this case has been accused of the crimes of one,

15   sale or delivery of cocaine in Case Number 061 at

16   that CF occurred on 12/26/00 two, sale or

17   deliverly of cocaine in Case Number 061-0626-CF

18   occurring on 12/1/06 three, trafficking in

19   cocaine 268 from or more in Case Number 06127-CF

20   occurring on January 11 of 2001.  And four sale

21   or delivery of cocaine in Case Number 061206-CF

22   occurring on 11/22 of 06.  As to Case Number

23   01-025-CF allegedly occurring on December the 22,

24   2000.  Certain drugs and chemical substances are

25   by laws known as controlled substance.  Cocaine

1    is a controlled substance.

2        Before you can find the Defendant guilty of

3    the sale or delivery of cocaine, the State must

4    prove the following three elements beyond a

5    reasonable doubt:  One, Jerome Samyn Marion sold

6    or delivered a certain substance.  Two, the

7    substance was cocaine.  Three Jerome Samyn Marion

8    had knowledge of the presence of the substance.

9        Sell means to transfer or deliver something

10    to another person in exchange for money or

11    something of value or a promise of money or

12    something of value.

13        Delivery or delivery means the actual,

14    constructive, or attempted transfer from one

15    person to another of controlled substance,

16    whether or not there is an agency relationship.

17        As to case number 01-26 allegedly occurring

18    on December 1, 2000.  Certain drugs and chemical

19    substances are by law known as controlled

20    substances.  Cocaine is a controlled substance.

21    Before you can find the Defendant guilty of sale

22    or delivery of cocaine, the State must prove the

23    following three elelments beyond a reasonable

24    doubt.  One, that Jerome Samyn Marion sold or

25    delivered a certain substance.  Two, the

464

1    substance was cocaine.   Three Jerome Samyn Marion

2    had knowledge of the presence of the substance.

3        Sell means to transfer  or deliver something

4    to another person in exchange for money or

5    something of value or a promise of money or

6    something of value.

7        Delivery or delivery means the actual or,

8    constructive, attempt to transfer from one person

9    to another a controlled substance, whether or not

10   there is an agency relationship.

11       As to Case Number 01-027-CF allegedly

12   occurring January 11,2001.  Certain drugs and

13   chemical substances are known by law as

14   controlled substances.  Cocaine or any mixture of

15   containing cocaine is a controlled substance.

16       Before you can find the Defendant guilty of

17   trafficking in cocaine, the State must prove the

18   following elements beyond a reasonable doubt:

19   One, that Jerome Samyn Marion knowingly, sold,

20   manufactured or delivered a certain substance.

21   Two, the substance was cocaine or a mixture

22   containing cocaine.  Three, the quantity of the

23   substance involved was 28 grams or more.  Four,

24   Jerome Samyn Marion knew the substance was

25   cocaine or a mixture containing cocaine.

1       Sell, means to transfer or deliver something

2    to another person in exchange for money or

3    something of value or a promise of money or

4    something of value.

5       Manufacture means the production,

6    preparation, packaging, labeling, or relabeling

7    propagation, compounding, cultivating, growing,

8    conversion, or processing of a controlled

9    substance of natural origin, or independently by

10   means of chemical synthesis.  It can also be by a

11   combination of extraction and chemical synthesis.

12      delivery or delivery means the actual,

13   constructive, or attempted transfer from one

14   person to another of a controlled substance,

15   whether or not there is an agency relationship.

16      In considering the evidence, you should

17   consider at possibility that although the

18   evidence may not convince you that the Defendant

19   committed the main crimes of which he is accused,

20   there may be evidence that he committed other

21   acts that would constitute a lesser included

22   crime.  Therefore, if you decide that the main

23   accusation has not been proved beyond a

24   reasonable doubt, you will next need to decide if

25   the Defendant is guilty of any lesser included

466

1    crime.  The lesser crime indicated in the

2    definition of trafficking in cocaine -- 28 grams

3    or more.  Sale or delivery of cocaine.

4        as to Case Number 01-29-CF allegedly

5    occurring on November 22, 2000.

6        Certain drugs and chemical substances are by

7    law known as controlled substances.  Cocaine is a

8    controlled substance.

9        Before you can find the Defendant guilty of

10    sale or delivery of cocaine, the State must prove

11    the following three elements beyond a reasonable

12    doubt:  One, that Jerome Samyn Marion sold or

13    delivered a certain substance.  Two, the

14    substance was cocaine.  Three, Jerome Samyn

15    Marion had knowledge of the presence of the

16    substance.

17        Sell means to transfer or deliver something

18    to another person in exchange for money or

19    something of value or a promise of money or

20    something of value.

21        Deliver or delivery means the actual, or

22    constructive, or attempted transfer from one

23    person to another of a controlled substance,

24    whether or not there is an agency relationship.

25        The Defendant has entered a plea of not

```
 1              A P P E A R A N C E S

 2    DREW FRITSCH, ESQ., Assistant State Attorney
      Appearing on behalf of the Plaintiff
 3    Charlotte County Justice Center
      c/o Mailroom Box
 4    Punta Gorda, FL  33950

 5

 6    ERIC REYES, ESQ.
      Appearing on behalf of the Defendant
 7    Port Charlotte, FL  33952

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

485

1   (STATE OF FLORIDA)

2   (COUNTY OF CHARLOTTE)

3       I, Jennifer L. Chisholm, Court Reporter, certify

4   that I was authorized to and did stenographically

5   report the foregoing proceedings and that the

6   transcript is a true and complete record of my

7   stenographic notes.

8

9

10   DATED this *27* day of *September* 20 *02*.

11

12

13

14   _____

       Jennifer L. Chisholm, Court Reporter
15     State of Florida at Large

16

17

18           ACCENT REPORTING SERVICE, INC.,
            407 EAST MARION AVENUE, SUITE 102
19              PUNTA GORDA, FLORIDA  33950
                    (941) 833-9300
20

21

22

23

24

25

AO 241
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available): *Not Available*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: *N/A*

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*This issue were raise in the petition, but did not appear in the Initial Brief of Appellant*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : *N/A* have used to exhaust your state remedies on Ground Two

*Yes*

**GROUND THREE:** *N/A*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *N/A*

AO 241
(Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why? N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: NO

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *N/A*

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *N/A*

(b) If you did not exhaust your state remedies on Ground Four, explain why: *N/A*

(c)    **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

    (2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes  ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

AO 241
(Rev. 10/07)

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition?      ☐ Yes      ☑ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes      ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ☐ Yes      ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *N/A*

AO 241
(Rev. 10/07)

Page 13

13.    Please answer these additional questions about the petition you are filing: *N/A*

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: *N/A*

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. *N/A*

AO 241
(Rev. 10/07)

Page 14

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding: *PRO SE*

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☐ Yes    ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: *April 17th, 2002*

(c) Give the length of the other sentence: *30 yrs. (HFO) Habitual Felony Offender*

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☐ Yes    ☑ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

*The petitioner's has no legal knowledge of time frame in which to file legal documents without the assistance of a*

Cont. 18;

A law clerk And he is not At An Institution where there Are law clerks Available, but At A work Camp where there is No legal Assistance without A deadline From A Court.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

(1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

   (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 10/07)

Page 16

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *THE PETITIONER'S IS SEEKING A NEW TRIAL WITH THE CORRECT JURY INSTRUCTION.*

or any other relief to which petitioner may be entitled.

X _____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

X _Jory Martin_ 14535

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

PROVIDED TO
CHARLOTTE CI
ON 8/17/20 FOR MAILING
BY Officer Greene